**HINSMAN, Plaintiff-Appellee, v. UTHOFF, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21553.  Decided December 5, 1949.

Schaefer & Schaefer, Cleveland, for plaintiff-appellee.
Frank, Gering & Gering, Cleveland, for defendant-appellant.

(GUERNSEY, PJ, MIDDLETON, J, of 3rd district: DOYLE, J, of 9th district sitting by designation in 8th district.)

## OPINION

Per CURIAM:

In Case No. 429875 in the Court of Common Pleas of Cuyahoga County a judgment was rendered against Gilbert Uthoff in the sum of $990.12, and judgment in the same amount was rendered against Ruth R. Hinsman.  There is a recital in the judgment entry therein:

"That as to the judgments rendered against Gilbert Uthoff and Ruth R. Hinsman, the said Gilbert Uthoff is as between himself and the said Ruth R. Hinsman the principal, and Ruth R. Hinsman, the surety."

It will be noted that separate judgments in the same amount were rendered against Uthoff and Hinsman, and that it is prescribed in the judgment entry that it is as to them, and not as between them and the Superintendent of Banks, that the relationship of principal and surety exists as between them.

Under the provisions of §710-75 GC, in effect at the time said judgment was rendered. Hinsman was liable upon the claim for which said judgments were rendered for such an amount as Uthoff failed to meet on such liability.

Separate judgments having been rendered for such liability payment by Uthoff of the entire amount owing on such liability was the only manner or method by which Hinsman could be relieved of liability.

The court had jurisdiction of the subject-matter and the parties in the action in which said judgments were rendered so it is immaterial whether the court had authority to render separate judgments, as above set forth, as error proceedings were not prosecuted from the judgments.

Under the judgments as rendered, the Superintendent of Banks had authority to enter satisfaction of, and release and discharge either of the separate judgments without releasing or discharging the other, either in terms or by operation of law. The only duty imposed, upon the Superintendent, in such a case was to allow credit on the liability to the extent of the payment made for the release and discharge of such judgment.

This judgment fixed the rights of the parties thereto.

Ruth R. Hinsman was not a party to the compromise agreement thereafter entered into between Gilbert Uthoff and the Superintendent of Banks and said agreement does not purport to and did not have the effect of releasing Ruth R. Hinsman from the operation of said judgment or of changing in any way the relationship of principal and surety existing between Uthoff and her as to the said judgment. The written instrument of satisfaction of judgment executed pursuant to said compromise agreement and entered upon the journal of the common pleas court in case No. 429875 does not purport to and does not release Ruth R. Hinsman from the operation of said judgment or in any manner affect the relationship of Uthoff and her as principal and surety to said judgment as prescribed therein.

Said instrument of satisfaction of judgment contains a provision:

"That this satisfaction shall not in any way be considered as waiving, releasing or affecting the liability of any person or persons arising out of the ownership of the stock which is the subject matter of the action."

This provision had the effect of preserving in every respect the judgment against Ruth R. Hinsman which she was thereafter compelled to pay in her capacity as surety to Uthoff as principal.

Even if said compromise agreement and/or said instrument of satisfaction had prescribed that Uthoff was thereby released from reimbursing Ruth R. Hinsman for any amount she might pay on said judgment in her capacity as surety, said provision would have been ineffective to accomplish that purpose as she was not a party thereto.

Having paid said judgment in her capacity as surety Ruth R. Hinsman is entitled to reimbursement as prayed for in her petition.

For the reasons mentioned the judgment of common pleas court is affirmed. Exceptions noted.

GUERNSEY, PJ, MIDDLETON, J, DOYLE, J, concur.